FILED
United States Court of Appeals
Tenth Circuit

January 2, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MICHAEL PLIUSKAITIS,

     Plaintiff - Appellant,

v.

USA SWIMMING,

     Defendant - Appellee.

No. 17-4051
(D.C. No. 2:15-CV-00198-PMW)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HARTZ** and **O'BRIEN**, Circuit Judges.
_____

     Michael Pliuskaitis was a coach member of USA Swimming. After allegations

arose that he engaged in inappropriate sexual relations with a minor athlete, USA

Swimming permanently banned him from membership in USA Swimming. An

arbitrator overturned that decision as arbitrary and capricious, and Mr. Pliuskaitis

was reinstated as a coach member of USA Swimming. But the arbitrator denied

Mr. Pliuskaitis's request for damages. Mr. Pliuskaitis did not seek judicial review of

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the arbitrator's decision, but he subsequently filed a complaint in federal court bringing claims for damages related to the process by which USA swimming initially determined that he was ineligible to continue coaching. The district court dismissed his complaint, and Mr. Pliuskaitis now appeals from that decision. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I.

Mr. Pliuskaitis coached youth swimming in Virginia and was a coach member of USA Swimming. The United States Olympic Committee (USOC) has designated USA Swimming as the National Governing Body (NGB) for the sport of swimming in the United States. The Ted Stevens Olympic and Amateur Sports Act (Sports Act) thus requires USA Swimming to provide "fair notice and opportunity for a hearing" to any amateur athlete or coach before declaring an individual ineligible to participate in amateur competition. 36 U.S.C. § 220522(a)(8). Through its administrative process for investigating complaints against its members, which includes an evidentiary hearing and an appeal, USA Swimming determined that Mr. Pliuskaitis violated certain provisions of its Code of Conduct by engaging in an inappropriate sexual relationship with a minor athlete. As a result, it banned him for life from membership in USA Swimming.

The Sports Act gave Mr. Pliuskaitis the right to demand binding arbitration with respect to USA Swimming's decision. *See* 36 U.S.C. § 220522(a)(4)(B). He exercised this right, and the arbitrator concluded that USA Swimming's decision was arbitrary and capricious. The arbitrator thus ordered USA Swimming to remove

2

Mr. Pliuskaitis from the banned-for-life list and to reinstate him to membership in the organization. The arbitrator further ordered USA Swimming to pay the fees and expenses of the arbitration, but she expressly denied Mr. Pliuskaitis's claim for damages. Neither Mr. Pliuskaitis nor USA Swimming sought judicial review or modification of the arbitrator's decision.

Almost a year after the arbitration decision, Mr. Pliuskaitis filed a complaint and an amended complaint in federal district court. He brought claims against USA Swimming for defamation, breach of duty, violation of the Sports Act, breach of good faith and fair dealing, and tortious interference.

Mr. Pliuskaitis generally alleged that the process by which USA Swimming determined that he was ineligible to continue coaching violated USA Swimming's own rules and regulations, its Code of Conduct, its Best Practices Guide, the USOC bylaws, and the Sports Act "in its treatment of [him] concerning the allegations levied against him." Aplt. App. at 12 ¶¶ 39-42. He repeated these or similar allegations in his claims for breach of duty, *see id*. at 14 ¶ 56, violation of the Sports Act, *id*. at 15 ¶¶ 64-66, breach of contract, *id*. at 16 ¶ 72, and breach of good faith and fair dealing, *id*. at 16-17 ¶ 78. In his tortious interference claim, he alleged that as a result of the allegations against him, USA Swimming improperly interfered with his ability to coach. And in his defamation claim, he alleged that USA Swimming falsely published on its website, as part of its banned-for-life list, that Mr. Pliuskaitis had violated a section of the Code of Conduct that had not been part of the complaint or investigation.

3

USA Swimming filed a motion to dismiss, arguing that the amended complaint should be dismissed for three reasons: the court lacked subject matter jurisdiction because the claims were preempted by the Sports Act, the complaint failed to state a claim, and the claims were barred by res judicata because they were already adjudicated in binding arbitration. It also asserted that the defamation claim should be dismissed as untimely. Mr. Pliuskaitis conceded in his response to the motion to dismiss that the Sports Act expressly preempts any private actions that challenge the method for determining a coach's eligibility, but he argued that his claims were outside the scope of the Sports Act and were not preempted.

The district court concluded that Mr. Pliuskaitis's claims for breach of duty, breach of contract, breach of good faith and fair dealing, and tortious interference were preempted by the Sports Act; it therefore dismissed those claims under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. In the alternative, the court determined these claims were barred by res judicata. Finally, the court concluded the defamation claim was untimely.

## II.

We review de novo the district court's dismissal of the amended complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. *See Satterfield v. Malloy*, 700 F.3d 1231, 1234 (10th Cir. 2012).

Mr. Pliuskaitis argues that the district court erred in granting the motion to dismiss because: (1) the Sports Act does not preempt his state-law claims; (2) the

4

defamation claim was timely under the continuing tort doctrine; and (3) res judicata does not bar his claims.[1]

For the reasons discussed below, we agree with the district court that the Sports Act preempts Mr. Pliuskaitis's claims for breach of duty, breach of contract, breach of good faith and fair dealing, and tortious interference. We likewise agree with the district court that the defamation claim is untimely, and we affirm the district court's decision dismissing that claim for substantially the same reasons stated in its Memorandum Decision and Order filed March 10, 2017.[2] Because we

---

[1] We admonish Mr. Pliuskaitis's counsel for filing an inadequate appendix to review the issues on appeal. As the appellant, Mr. Pliuskaitis is required to file an appendix that is "sufficient for considering and deciding the issues on appeal." 10th Cir. R. 30.1(B)(1). "When the appeal is from an order disposing of a motion . . . , the motion . . . and any responses and replies filed in connection with that motion . . . must be included in the record." 10th Cir. R. 10.3(D)(2); *see also* 10th Cir. R. 30.1(B)(1) ("The requirements of Rule 10.3 for the contents of a record on appeal apply to appellant's appendix."). Although he argues that the district court erred in granting USA Swimming's motion to dismiss, Mr. Pliuskaitis's appendix does not include the motion to dismiss, his response to the motion, or USA Swimming's reply to the motion.

"If the appendix and its supplements are not sufficient to decide an issue, we have no obligation to go further and examine documents that should have been included, and we regularly refuse to hear claims predicated on record evidence not in the appendix." *Milligan-Hitt v. Bd. of Trs.*, 523 F.3d 1219, 1231 (10th Cir. 2008). But "we retain the *authority* to go beyond the appendix if we wish, because all of the transcripts . . . and documents and exhibits filed in district court remain in the record regardless of what the parties put in the appendix." *Milligan-Hitt*, 523 F.3d at 1231 (footnote omitted). Exercising our discretion, we elect in this instance to review the relevant documents in the district court record.

[2] In addition to his state-law claims, Mr. Pliuskaitis brought a stand-alone claim under the Sports Act. Neither the parties nor the district court appear to have addressed this claim separately, but Mr. Pliuskaitis concedes in his brief that "the

(continued)

5

can affirm the district court's dismissal of the amended complaint based on our resolution of these two issues, we need not discuss the district court's alternative ruling that the claims are barred by res judicata.

Preemption may deprive a forum of jurisdiction or it may just create an affirmative defense. *See generally Int'l. Longshoremen's Ass'n. v. Davis,* 476 U.S. 380 (1986). The Sports Act grants the USOC and its NGBs exclusive jurisdiction "over . . . all matters pertaining to United States participation in the Olympic Games." 36 U.S.C. § 220503(3)(A). It certainly appears that Congress gave USA Swimming exclusive jurisdiction over some matters, but the extent of that exclusive jurisdiction is not clear. Nor do we have to opine on that subject in this case. In district court Mr. Pliuskaitis conceded that "[i]t is undisputed that the Sports Act expressly preempts any private actions that challenge the method by which a coach of amateur athletes' eligibility is determined, provided that the organization actually follows that method." *Pliuskaitis v. USA Swimming*, No. 2:15-CV-00198-PMW, Doc. 29 (Response to Motion to Dismiss) at 18-19 (D. Utah July 13, 2015).[3] He agreed with USA Swimming that "[t]he Sports Act grants exclusive authority to the USOC and NGBs, such as USA Swimming, for all eligibility matters involving

Sports Act expressly does not create a private cause of action." Aplt. Br. at 16 (citing 36 U.S.C. § 220505(9)). The district court therefore properly dismissed his stand-alone Sports Act claim.

[3] Because Mr. Pliuskaitis failed to include his response to the motion to dismiss in the appendix, we take judicial notice of it as part of the district court record in this case and we cite to its location on the district court docket.

6

athletes and coaches in amateur sports . . . ." *Id.* at 18 (internal quotation marks and emphasis omitted). His only qualification to that statement has been that a court can examine whether the organization properly followed its own rules for determining eligibility. We need not examine whether he is correct in that regard. Although a party cannot concede subject-matter jurisdiction, it can concede lack of subject-matter jurisdiction. A court has a duty to examine its jurisdiction to determine whether it can review a matter; but it has no duty to insist on exercising jurisdiction against the wishes of the parties. Therefore, the only matters we need to decide in this appeal are (1) whether Mr. Pliuskaitis has adequately pleaded a claim challenging whether USA Swimming properly followed its own rules, and (2) whether his other claims require review of the determination of eligibility.

Mr. Pliuskaitis insists the federal courts have jurisdiction to hear his claims because his state-law claims "do not pertain to his eligibility." Aplt. Br. at 20. To the contrary, he argues that his claims are, in fact, based on USA Swimming's (1) arbitrary and capricious behavior during the eligibility determination and (2) the fact that USA Swimming violated its own rules and regulations during those proceedings—not USA Swimming's eligibility determination itself. We conclude, however, that Mr. Pliuskaitis's amended complaint does not, in fact, do anything other than seek damages based on USA Swimming's eligibility determination, thus ending his case.

Fairly and liberally reading Mr. Pliuskaitis's complaint demonstrates that his claim is solely based on USA Swimming's eligibility determination, not violations of its own internal rules. For one thing, the amended complaint's statement of facts just

7

describes the eligibility proceeding and the facts that undergirded it. For another, although Mr. Pliuskaitis claims USA Swimming violated a myriad or provisions—its rules and regulations, its Code of Conduct, its Best Practices Guide, and the USOC's bylaws—neither his complaint nor his brief cite any specific provisions USA Swimming violated. Indeed, the district court properly observed that Mr. Pliuskaitis "provide[d] only vague and conclusory allegations regarding USA Swimming's alleged breach, which are not sufficient to establish this court's jurisdiction" and did not "set forth the specific rules that USA Swimming allegedly breached; rather, [he] simply disagrees with USA Swimming's determination regarding his eligibility." Aplt. App. at 34-35. The only fair reading of the complaint, then, is that it challenges USA Swimming's initial eligibility determination itself and the consequences that flowed from it—not USA Swimming's violation of its internal rules or its alleged arbitrary and capricious behavior during the eligibility proceeding.

Mr. Pliuskaitis also cites *Lee v. U.S. Taekwondo Union*, 331 F. Supp. 2d 1252 (D. Haw. 2004), and *Shepherd v. U.S. Olympic Committee*, 464 F. Supp. 2d 1072 (D. Colo. 2006), to argue the Sports Act does not preempt his state-law claims. But in both cases, the courts held that the discrimination claims brought under federal statutes were not preempted and allowed those claims to continue. *See Lee*, 331 F. Supp. 2d at 1260-61; *Shepherd*, 464 F. Supp. at 1088-89. Mr. Pliuskaitis does not bring a claim under federal law, so neither case is on point.

We also note that the administrative procedures set out in the Sports Act for resolving disputes concerning an NGB's eligibility determination did provide a remedy for Mr. Pliuskaitis in this case. After Mr. Pliuskaitis exercised his right under the Sports Act to arbitrate the eligibility determination, the arbitrator concluded that USA Swimming's decision to ban Mr. Pliuskaitis for life was arbitrary and capricious. The arbitrator's decision resulted in USA Swimming removing Mr. Pliuskaitis from the banned-for-life list and reinstating him as a member of USA Swimming. The arbitrator also considered and denied Mr. Pliuskaitis's request for damages. Mr. Pliuskaitis "did not move to modify the Arbitrator's ruling" and now "essentially seeks further appeal of the determinations made in the administrative process." Aplt. App. at 32.

In sum, the Sports Act preempts Mr. Pliuskaitis's claims, so the district court properly dismissed those claims under Rule 12(b)(1) for lack of subject matter jurisdiction.

III.

For the foregoing reasons, we affirm the district court's judgment.

Entered for the Court
Per Curiam

9